## I. W. SCARBOROUGH v. R. R. WEBB, ASSIGNEE.

1. BAILMENT.    *Lien.    Waiver.*
    A person in whose favor a creditor waives his deed of trust on a cotton
    crop, and who makes advances on the faith of the waiver, cannot re-
    cover from the creditor upon the ground that the cotton was delivered
    to him by the debtor and taken from him by a stranger.

2. SAME.    *Negligence.*
    If the creditor received the cotton for such person, he was a bailee with-
    out hire and could be made liable for the subsequent loss of the
    cotton only by showing some act of negligence or bad faith on his
    part.

APPEAL from the Circuit Court of Attala County.

Hon. C. H. CAMPBELL, Judge, did not sit in this case, but Counsellor Jason Niles presided by consent.

The appellee, an assignee in bankruptcy, sued, before a justice of the peace, for eighty-nine dollars on open account, for 1878, producing the appellant's written statement to the bankrupts, to the effect that he would waive his deed of trust on John Kern's crop for this year to that amount in their favor with the express stipulation that he was not to become responsible to them for anything which Kern might purchase, and proved that the appellant received from Kern two bales of cotton of the crop, and that the bankrupt's advances were not paid. Upon this, and the evidence stated in the opinion, the magistrate found for the defendant, but the Circuit Court, on appeal, gave judgment for the assignee.

*Scarborough & Scarborough* and *John T. Butt*, for the appellant.

No writing appears in this case to bind the appellant for Kern's default, within the Statute of Frauds. *Sweatman* v. *Parker*, 49 Miss. 19; *Bloom* v. *McGrath*, 53 Miss. 249; *Hendricks* v. *Robinson*, 56 Miss. 694; 3 Parsons on Contracts, 26, 27. Waiver of the lien did not vest title in the merchants, and the appellant was not guardian of the cotton. If treated as bailee, the liability is not made out, for he exercised reasonable care. Story on Bailments, §§ 40, 41, 60, 62, 103, 114. No evidence of a bailment, however, appears in the record. Loss of the property does not of itself create a presumption of negligence, or even make out a *prima facie* case against a bailee, calling upon him to prove how the loss occurred, or to show affirmatively that he was not in fault. *Browne* v. *Johnson*, 29 Texas, 40; *Cross* v. *Brown*, 41 N. H. 283; *McDaniels* v. *Robinson*, 26 Vt. 316; *Brown* v. *Waterman*, 10 Cush. 117; Story on Bailments, §§ 410–412. On the strength of the bankrupts' title the appellee must recover, not on the weakness of the appellant's case. But even if they had owned the cotton, nothing appears in the case to charge the appellant with its loss.

*Nugent & McWillie*, for the appellee.

The evidence discloses a purpose on the appellant's part to

evade his agreement with the bankrupts, on the faith of which they furnished Kern supplies. It was the appellant's duty to see that the bankrupts received the cotton, and if a stranger appropriated it the appellant, by his attempt to get it, is guilty of conversion, for its effect is to deprive the appellee of it altogether. 3 Robinson's Prac. 452–455. A conversion may arise from a wrongful taking, by an illegal assumption of ownership, an illegal use or misuse, or a wrongful detention, in which last case alone a demand and refusal are necessary to show a conversion. *Glaze* v. *M'Million*, 7 Porter, 279. It consists in the exercise of dominion and control over property inconsistent with and in defiance of the rights of the true owner, or party having the right of possession. *Fuller* v. *Tabor*, 39 Maine, 519; *Liptrot* v. *Holmes*, 1 Ga. 381; *Gilman* v. *Hill*, 36 N. H. 311; *West Jersey Railroad Co.* v. *Trenton Car Works Co.*, 32 N. J. L. 517; *Bristol* v. *Burt*, 7 John. 254; *Chambers* v. *Lewis*, 28 N. Y. 454; *Reid* v. *Colcock*, 1 Nott & M'Cord, 592. No manual taking or removal is necessary; it is a conversion if one interferes with the goods of another, and undertakes, without his consent, to dispose of them as having the property. *Webber* v. *Davis*, 44 Maine, 147; *Dickey* v. *Franklin*, 32 Maine, 572; *Coughlin* v. *Ball*, 4 Allen, 354; *Connah* v. *Hale*, 23 Wend. 462. There is not a single question of law in the case beyond that above suggested, and there are no exceptions reserved. It does not appear that exceptions were properly taken to any ruling of the court. Code 1880, § 1720. The only question in the record is, was the court manifestly wrong in rendering judgment for the plaintiff? That cannot be answered affirmatively here.

CHALMERS, C. J., delivered the opinion of the court.

I. W. Scarborough held a trust deed on the crop to be grown by Kern during the year 1878. Kern desired to buy goods of Irving & Co., who refused to extend credit to him, unless Scarborough would release in their favor his lien on the crop. At the mutual request of Irving & Co., and of Kern, Scarborough signed and delivered to the former a statement that, if they chose to sell goods to the latter, he would agree

to postpone his lien in their favor to the extent of ninety dollars; but he was to be in no manner personally responsible to them. Acting upon this, but without themselves taking any mortgage or lien of any sort on Kern's crop, Irving & Co. sold goods to the latter amounting in value to eighty-nine dollars. During the year Irving & Co. were adjudicated bankrupts, but before the appointment of an assignee, or before such appointment, if made, was known to Scarborough, Kern brought to town and delivered to Scarborough two bales of cotton, which comprised his entire crop for the year. Scarborough deposited the cotton at the railroad depot with the cotton-weigher of the town, from whose possession it was taken, in some way that is not explained, by one Carter, and sold, and the proceeds by said Carter appropriated to his own use. Scarborough was in no manner responsible for or connected with this act of Carter's, nor, so far as disclosed, did he obtain any benefit of the proceeds. This suit is brought by R. R. Webb, the assignee of Irving & Co., to make Scarborough responsible for the account due by Kern to Irving & Co., or for the value of the cotton.

The suit being without written pleadings, it is somewhat difficult to apprehend its exact scope, but we cannot see that the facts impose any liability upon Scarborough in any point of view. Manifestly he is not liable upon the account, as to which he had expressly declined to assume any liability, nor can we see how he has made himself liable for the value of the cotton. He is not liable in trover for a conversion, as to Irving & Co., because the latter had no title to the cotton, nor any lien or claim upon it in any form. They had taken no mortgage upon it, nor was it pledged to them in any way. They were mere creditors at large of Kern, and unless the cotton was delivered by him to Scarborough for them, it is impossible to perceive how they could assert any claim with regard to it. If their account against Kern had been reduced to judgment, and the cotton levied on, Scarborough could not have set up his trust deed against them, and if in the mean time he had appropriated the cotton to his own use, he might have been liable to them for its value, but certainly such liability must accrue, if at all, from his defeat of the lien

of their judgment in violation of the implied obligation of his written waiver in their favor. Without a judgment they had no right to seize the cotton at all, although Kern had the right to deliver it to them, and of such delivery Scarborough had estopped himself to complain.

If, on the contrary, Scarborough received the cotton for them (which does not appear with distinctness) then he made himself their bailee without hire, and could be made liable for the subsequent loss of the cotton only by showing some act of negligence or bad faith on his part. Nothing of the sort is shown. So far as appears from the record, he was guilty of no bad faith or neglect, nor did he obtain any portion of the proceeds. If the cotton was in fact delivered to him for Irving & Co., and taken possession of by Carter without authority, the remedy of the assignee is against the latter. Nothing in the proof establishes any liability on Scarborough.

*Reversed and remanded.*